UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GEORGIA NOONAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEMPRIS, LLC, a Delaware limited liability company, and HAMPTON DIRECT, INC., a Vermont corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT — CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

1. Plaintiff Georgia Noonan brings this class action against Defendants Sempris, LLC ("Sempris") and Hampton Direct, Inc. ("Hampton Direct") (collectively "Defendants") individually and on behalf of a Class and Subclass of similarly situated individuals who were charged without authorization for Sempris's Membership Programs. Plaintiff alleges as follows upon personal knowledge to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE CASE**

2. Defendants work together to charge consumers recurring monthly fees for "Membership Programs" that purport to offer discounts, coupons, and other money-saving deals.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  Using the sale of an apparently legitimate product as a starting point, Defendants acquire
2  consumers' billing information and then use this information to enroll and charge consumers for
3  memberships.

4      3.    After viewing a television infomercial for one of Hampton Direct's products, an
5  interested consumer calls the number on the screen to order the advertised product. The
6  consumer then provides his/her private billing and contact information to make a purchase.
7  However, rather than protect the sensitive information shared by the consumer (as any consumer
8  would reasonably believe), Hampton Direct sells this information to its business partner—
9  Defendant Sempris—which then uses it to initiate unsolicited telemarketing calls promoting
10  Sempris's Membership Programs.

11      4.    The telemarketer claims the call is to "confirm" the consumer's previous order.
12  After "confirming" the details of the consumer's order, the telemarketer then tries to enroll the
13  consumer in one of Sempris's Membership Programs, offering alleged "risk-free" trials and
14  numerous "free" gift cards or rebates as incentives to join.

15      5.    Regardless of whether the consumer agrees to the offer (and even when a
16  consumer explicitly declines), the consumer is subsequently enrolled in and charged for one or
17  more of Sempris's Membership Programs.

18      6.    Working in unity with one another, Defendants have enrolled and charged
19  consumers for Sempris Membership Programs without consent. Each Defendant is equally liable
20  and, together, Defendants share in the profits.

21      7.    Plaintiff Noonan was only one of many injured by Defendants' conduct. Plaintiff
22  seeks to put an end to Defendants' wrongful business practices and to recover the monies that
23  Defendants have wrongfully obtained.

24  **PARTIES**

25      8.    Plaintiff Georgia Noonan is a natural person domiciled in the State of
26  Washington.

27      9.    Defendant Sempris, LLC, is a marketing services company that operates

COMPLAINT — CLASS ACTION                                    - 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

numerous "Membership Loyalty Programs," including the Budget Savers Membership Program. Sempris is a limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 11100 Wayzata Boulevard, Suite 680, Minneapolis, Minnesota. It does business throughout the United States, the State of Washington, and this District. Until early 2011, Defendant Sempris operated under the corporate name Provell, Inc.

10. Defendant Hampton Direct manufactures, markets, and sells a wide range of consumer products directly to consumers via television infomercials, websites, and other e-commerce means. Hampton Direct also manufactures and sells products through its wholly owned subsidiary, Product Trend LLC. Hampton Direct is a corporation incorporated and existing under the laws of the State of Vermont, with its principal place of business at 291 Hurricane Lane, Williston, Vermont. It does business throughout the United States, the State of Washington, and this District.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d)(2) because (a) at least one member of the class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

12. Venue is proper in this District under 28 U.S.C. § 1391(a) because Defendants transact significant business in this District, including soliciting consumer business and entering into consumer transactions.

## FACTS COMMON TO ALL COUNTS

13. Defendant Sempris is a marketing company that offers numerous subscription-based, negative-option "Membership Programs" which purport to offer discounts and services, such as coupons and rebates, to "subscribing" consumers.

14. Despite costing as much as $24.95 a month, these programs offer little real value and are rarely if ever utilized by membership subscribers (as they are often unaware that they have even been enrolled). Furthermore, the majority of the coupons, gift cards, and rebates

COMPLAINT — CLASS ACTION   - 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

promised to subscribers are never delivered or received.

15. Despite this fact (or perhaps due to it), Sempris continues to have thousands of subscribers who are enrolled in Sempris Membership Programs and charged for membership fees.

16. Sempris Membership Programs include, but are not limited to Value Plus, Budget Savers, Cooking in Style, Essentials for Home, Explore USA, FunSource, Homeplay, Pulse, and Vacation Passport. Sempris has also partnered with various merchants to create "Custom" Programs, such as: Glamour in You and Duets (for Frederick's of Hollywood), Chase Ultimate Rewards Plus (for Chase Manhattan Bank), and JC Whitney Buyers Plus (for JC Whitney).

17. Consumers have complained about each and every one of Sempris's Membership Programs.

**Defendants Work Together to Enroll Consumers**

18. Enrollment in a Sempris Membership Program occurs in the following way: A consumer views a television infomercial promoting one of Hampton Direct's products—*e.g.*, the "Wraptastic" or "Furniture Fix." If interested, the consumer then places a call to the listed number to purchase the advertised item.

19. The consumer completes his or her purchase of the advertised item over the phone and, in doing so, provides his or her private billing and contact information for shipping and payment purposes.

20. Unbeknownst to the consumer, Hampton Direct then passes the consumer's private information to Sempris for telemarketing purposes.

21. After receiving the information, Sempris calls the consumer, informing the consumer that the purpose is to "confirm" the recently placed order. Because the caller already knows the consumer's name and all of the order details (such as name of the product, quantity purchased, etc.), the consumer reasonably believes that the call is from Hampton Direct and stays on the line.

22. Consumers are then asked to repeat their private billing information, including

COMPLAINT — CLASS ACTION    - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  part or all of the credit or debit card number used to complete the original order, to "confirm"
2  their order.
3       23.    In reality, the call has no effect on the order's status or completion. Further, there
4  is no legitimate need for the consumer to repeat his or her billing information.
5       24.    After getting consumers on the line (and causing them to think they are talking to
6  Hampton Direct), the operator then attempts to sell Sempris Membership Programs to the
7  consumers. The operator is trained to make an aggressive sales pitch of a "risk-free" or "free"
8  trial of the membership program and offers the caller a variety of gift cards and/or rebates as
9  incentives. The operator further asserts that the consumer can cancel the membership at any time,
10 and with no consequence, before the "free trial" period (usually lasting 14 or 30 days) is over.
11      25.    In reality, the timing and wording of the offer obscure material terms, confuse
12 callers with "free" trials and other gifts, and cause consumers to consent to enrollment in
13 Sempris's Membership Programs, all while obscuring that Sempris's programs are negative-
14 option services that will automatically and perpetually be billed to a consumer's account.
15      26.    The live operators are paid a commission for each member they enroll (and are
16 often subject to monthly quota requirements), so they are incentivized to do whatever is
17 necessary to boost their sales.
18      27.    Further, consumers who call and cancel their membership continue to be charged
19 repeated membership fees by Sempris (even when the cancellation occurs before the expiration
20 of the trial period).
21      28.    Hampton Direct is aware of Sempris's business practices and acts as a conduit for
22 passing along consumer billing information and access to Sempris for its business purposes.
23      29.    Hampton Direct purposefully provides Sempris access to consumers billing and
24 personal information after the consumers purchase Hampton Direct products.
25      30.    Defendants work cooperatively and have entered into an agreement to divide
26 profits resulting from Sempris's charges to consumers' credit and debit accounts, and have
27 designed and jointly implemented a system whereby consumers would be enrolled in Sempris's

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

Membership Programs.

31.     Defendants are jointly liable and, together, share in the profits generated as a result of their partnership.

**Sempris's Documented History of Misleading Marketing**

32.     Previously operating as Provell, Inc., and before that as Damark International, Inc., Sempris's practice of enrolling and charging consumers for memberships in its Membership Programs (as well as its propensity for changing its name to evade liability) has been well documented over the past ten years.

33.     Sempris's business practices previously resulted in an investigation and complaint filed against Defendant by the Minnesota Attorney General in 1999, forcing Sempris (then operating as Damark International Inc.) to issue an official Assurance of Discontinuance.[1]

34.     Despite its Assurance of Discontinuance, Defendant simply changed its name to Provell, Inc. and resumed its previous business practices—namely, using pre-acquired information to enroll consumers in its Membership Programs without permission.

35.     After operating as Provell, Inc. for the past ten years, and accumulating thousands of consumer complaints under that name, Defendant has changed its business name yet again to Sempris.

36.     Hundreds of consumer complaints about the nature of Sempris's membership enrollment and charges (spanning the course of several years) can be found throughout consumer complaint websites:

> Jan. 6, 2013: I ordered this item online, the next day I began receiving calls on my cell phone from other companies that Wraptastic thought I might be interested in hearing from. They knew my name and read back my credit card number wanting me to approve charges for all kinds of misc. items. I asked to be removed from their list and had to cancel my credit card to avoid fraud on the account.

---

[1]     Assurance of Discontinuance, *Minnesota ex rel. Hatch v. Damark Int'l, Inc.*, No. C8-99-10638 (Dist. Ct., Ramsey County, Minn. Dec. 3, 1999).

> Feb. 23, 2012: I bought something from a t.v. ad, swiffer sweeper. They told me I had won a gas card and that for one dollar I could get so much more. At first I thought this is cool, then they asked me for my card number several times. I quickly said forget this, I do not want any of it. The woman told me she would cancel it and I hung up the phone. Now I notice that money is being taken out of my bank account $29.95 every month. I never authorized that nor did I ever get anything for the money they are taking out of my account. I never received anything from them in the mail. I called my bank and I am going to cancel my bank card. This is a scam and they are stealing people's money. This needs to be stopped, it is not right. Unhappy.

> Aug. 9, 2011: My wife and I ordered an auto headlight restoration product on the telephone from a TV promotion sale. After doing so were asked If we would be interested in many different other products, to each question we replied NO. The next day I received a courtesy call confirming our order. The representative again tried to sell me an array of items, again the answer was no. In about 10 days we received the Fast Brite item we ordered and our account was drafted 07-22-2011. On 08-09-2011 our account was again drafted by WC *MON BUDGET SAVERS MINNETONKA, MN ATH for $29.95. This draft was not authorized by my wife or myself. The information was obtained through the telephone order for Fast Brite. Please be careful as this is a scam.

The Better Business Bureau of Minnesota and North Dakota shows a total of close to 800 consumer complaints lodged against Sempris over the past three years.[2]

### FACTS SPECIFIC TO PLAINTIFF

37.    In or around December 2012, Georgia Noonan viewed a television infomercial for one of Defendant Hampton Direct's products—the Wraptastic.

38.    After viewing the infomercial, Noonan called the number listed on the screen to order the Wraptastic and spoke with one of Hampton Direct's customer service representatives over the phone. She completed her purchase of the Wraptastic by providing her personal contact, billing, and shipping information.

---

[2]    *See* http://www.bbb.org/minnesota/business-reviews/dining-club-plans/sempris-in-hopkins-mn-96345570/complaints (last accessed on January 24, 2013).

COMPLAINT — CLASS ACTION        - 7 -

39. A few days later, Noonan received a call on her home telephone line. After picking up the phone, she was informed by the caller that the call was to confirm her Wraptastic order.

40. Because the caller knew her name and order details, Noonan reasonably believed that the call was, in fact, from Hampton Direct and was related to her order.

41. After going over the details of her order, the representative informed Noonan that she qualified for membership to the Budget Savers membership discount program. The representative claimed that the program would provide her with coupons and other money-saving discounts and further promised that Noonan would receive a free gift card to either Wal-Mart or Target simply for trying the program.

42. The representative did not disclose the actual terms of enrollment in the Membership Program, including that membership enrollment was negative option, meaning that Noonan would be charged a recurring fee of $24.95 a month unless she affirmatively called to cancel.

43. Regardless, Noonan told the representative that she was not interested in the program.

44. After Noonan declined the membership, the representative went back to "confirming" her order. The representative informed Noonan that she needed to repeat the full sixteen digits of her credit card number to finish confirming her Wraptastic order. Believing that it was necessary to confirm her order, Noonan provided the requested information.

45. After receiving Noonan's credit card number, the representative again tried to convince Noonan to join Sempris's Membership Programs.

46. Noonan declined all offers and ended the call. Nevertheless, one month later, she was charged $24.95 for the Sempris Budget Savers Membership Program.

47. As she never received any printed materials relating to her enrollment (and did not otherwise have Sempris's contact information), Noonan was unable to contact Sempris to cancel her membership. Accordingly, to avoid further charges, Noonan canceled her credit card.

48. After weeks of waiting for the Wraptastic, Noonan called Hampton Direct to inquire about her order's status. Hampton Direct informed Noonan that the Wraptastic was on back order and would not be available for several months, whereupon Noonan canceled her order.

## CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and a Class and Subclass defined as follows:

**Sempris Class**: All individuals who were enrolled in any Sempris Membership Programs following an over-the-phone purchase of a Hampton Direct product.

**Washington Subclass**: All Sempris Class members who reside in the State of Washington.

The following persons are excluded from the Class and Subclass: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

50. **Numerosity**: The exact numbers of the members of the Class and Subclass (together, the "Classes") is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendants have wrongfully obtained money from thousands of consumers who fall into the definition set forth above. Members of the Classes can be identified through Defendants' records.

51. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes, as Plaintiff and other members sustained damages arising out of the wrongful conduct of Defendants, based upon the same transactions which were made uniformly with Plaintiff and the public.

COMPLAINT — CLASS ACTION   - 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

52. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interest antagonistic to those of the Classes and Defendants have no defenses unique to Plaintiff.

53. **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. Even if members of the Classes themselves could sustain such individual litigation, it would not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

54. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a.    Whether Defendants' conduct alleged herein violates RCW ch. 19.86;

    b.    Whether Defendants' conduct alleged herein violates RCW ch. 19.56;

    c.    Whether Defendants' conduct alleged herein constitutes breach of contract; and

    d.    Whether Defendants' conduct alleged herein constitutes unjust enrichment.

COMPLAINT — CLASS ACTION - 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

**<u>COUNT I</u>**

**Violation of the Washington Consumer Protection Act, RCW ch. 19.86**

**(against both Defendants)**

**(Individually and on behalf the Washington Subclass)**

55. Plaintiff incorporates by reference the foregoing allegations.

56. The Washington Consumer Protect Act ["CPA"] provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." RCW § 19.86.020.

57. As the purpose of the CPA is "to protect the public and foster fair and honest competition," the act should be "liberally construed" to serve its beneficial purposes. RCW § 19.86.920.

58. The CPA prohibits (a) an unfair or deceptive act or practice, (b) occurring in trade or commerce, (c) with a public interest impact, (d) that causes injury.

59. In the context of the CPA, pleading and proof of an unfair or deceptive act or practice bears little resemblance to pleading and proof of fraud. The term "deceptive" in RCW § 19.86.020 means having a capacity to deceive a substantial portion of the public.

60. Defendants' conduct, representations, and omissions regarding the terms of the Membership Programs, including the negative-option price and term, the account to be charged, and the actions necessary to prevent those charges, has or had the capacity to deceive a substantial portion of the public.

61. The price of a product is likely to affect the choice of, or conduct regarding, whether to purchase a product. Defendants' confusing conduct, representations, and omissions related to the price of their products has or had the capacity to deceive a substantial portion of the public.

62. Whether a consumer will be enrolled in a monthly recurring negative-option program is also likely to affect the choice of, or conduct regarding, whether a consumer will assent to enrollment in the program. Because an initial assent may be used to support perpetual

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

billings, negative-option offers are subject to enhanced scrutiny by courts examining such contracts. Defendants' confusing conduct, representations, and omissions related to such an enrollment has or had the capacity to deceive a substantial portion of the public.

63. Defendants' (a) failure to disclose to consumers that funds would be charged to their bank and credit accounts for the Membership Programs, (b) failure to otherwise obtain Plaintiff's and the Subclass's express agreement to be charged for the Membership Programs, and (c) failure to disclose that Hampton Direct would and did pass Plaintiff's and the Subclass's billing information to Sempris so that Sempris could assess charges for the Membership Programs for the profit of both Hampton Direct and Sempris, has or had the capacity to deceive a substantial portion of the public.

64. Defendants' assessment and collection of membership fees for Sempris Membership Programs from Plaintiff and the Subclass without their knowledge or consent has or had the capacity to deceive a substantial portion of the public.

65. Defendant Sempris's representation that the calls it made to Plaintiff and the Subclass were for the purpose of confirming their orders from Hampton Direct, when in fact the calls were made only to market Sempris's Membership Programs has or had the capacity to deceive a substantial portion of the public.

66. Sempris further violated RCW ch. 19.86 and affected the public interest by engaging in conduct prohibited by RCW ch. 19.56. *See* Count II *infra*.

67. As alleged herein, Defendants have engaged in these wrongful acts or practices in the conduct of their trade or commerce, as defined by RCW ch. 19.86, to the detriment of Plaintiff and the Subclass.

68. Defendants' acts or practices alleged herein did, in fact, mislead Plaintiff and the Subclass, and further has or had the capacity to deceive a substantial portion of the public.

69. Defendants' wrongful acts or practices alleged herein have an impact on the public interest because Defendants conducted those activities repeatedly, affecting a great many consumers in Washington and across the nation. In addition, Defendants are likely to continue

COMPLAINT — CLASS ACTION — - 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

their misleading acts or practices and continue harming consumers in the future. The State of Washington has an important interest in preventing and protecting its resident consumers from such unfair and misleading conduct.

70. Defendants' wrongful acts or practices alleged herein caused financial injury to Plaintiff and the Subclass in the form of the unauthorized membership fees that Sempris charged and collected from them for Sempris Membership Programs.

71. The injuries of which Plaintiff and the Subclass complain are a direct and proximate result of Defendants' wrongful conduct alleged herein.

72. Accordingly, Plaintiff, on behalf of herself and the other members of the Subclass, seeks an injunction barring Defendants from continuing the wrongful acts or practices alleged herein, actual damages in an amount to be determined at trial, treble damages, and the costs of suit including reasonable attorneys' fees, pursuant to RCW § 19.86.090.

## COUNT II

### Violation of RCW ch. 19.56

### (against Sempris)

### (Individually and on behalf of the Washington Subclass)

73. Plaintiff incorporates by reference the foregoing allegations.

74. RCW ch. 19.56 regulates the provision of unsolicited goods or services. It states that "if unsolicited goods or services are provided to a person, the person has a right to accept the goods or services as a gift only" and "may use them or dispose of them in any manner without any obligation to the provider." RCW § 19.56.020.

75. Goods or services are unsolicited "unless the recipient specifically requested, in an affirmative manner, to receive the goods or services according to the terms under which they are being offered." RCW § 19.56.020.

76. Further, goods or services "are not considered to have been requested if a person fails to respond to an invitation to purchase the goods or services and the goods or services are provided notwithstanding." RCW § 19.56.020.

COMPLAINT — CLASS ACTION - 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

77. Violation of RCW § 19.56.020 is a matter "affecting the public interest" and "constitutes an unfair or deceptive act or practice in trade or commerce" for the purposes of applying the Washington Consumer Protection Act. RCW § 19.56.030.

78. Defendant Sempris provided unsolicited goods or services in the form of gift cards and membership to Sempris' Membership Programs to Plaintiff and members of the Subclass.

79. These goods and services were not affirmatively requested by Plaintiff and the Subclass, and Plaintiff and the Subclass' failure to respond to Sempris's offer of its goods and services did not constitute a request to receive such goods and services.

80. Accordingly, Plaintiff and the Subclass were under no obligation to provide payment for the receipt of such goods and services.

81. Sempris provided its goods and services to Plaintiff and the Subclass, despite the fact that such goods and services were unsolicited. Sempris then violated RCW 19.56.020 by charging Plaintiff and the Subclass for the unsolicited items.

82. Sempris's violation of RCW 19.56.020 is a matter affecting the public interest and constitutes an unfair or deceptive act or practice in trade or commerce for the purposes of Washington's Consumer Protection Act.

83. Accordingly, pursuant to RCW § 19.86.090, Plaintiff, on behalf of herself and the other members of the Subclass, seeks an injunction barring Defendants from continuing the wrongful acts or practices alleged herein, actual damages in an amount to be determined at trial, treble damages, and the costs of suit including reasonable attorneys' fees.

## COUNT III

### Breach of Contract

### (against Hampton Direct)

### (Individually and on behalf of the Class)

84. Plaintiff incorporates by reference the foregoing allegations.

85. Defendant Hampton Direct, on the one hand, and Plaintiff and members of the

COMPLAINT — CLASS ACTION    - 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  Class, on the other hand, entered into valid and enforceable contracts whereby those Class
2  members provided and Hampton Direct accepted payments for goods marketed and sold by
3  Hampton Direct. In order to facilitate their purchases, Plaintiff and the Class provided Hampton
4  Direct with access to their billing and contact information.

5      86.     A material term of the contract entered into by Plaintiff and the Class members
6  with Hampton Direct required that Hampton Direct only share Class members' billing and
7  contact information with those expressly authorized to receive it. Likewise, a material term of the
8  contract required Hampton Direct to only bill Plaintiff and the Class for charges that they
9  authorized.

10     87.     Plaintiff and members of the Class did not consent to Hampton Direct releasing
11 their billing and contact information to Sempris, nor did they consent to any additional charges
12 made or money received from them by or on behalf of Hampton Direct.

13     88.     As a result of its wrongful conduct alleged herein, Hampton Direct materially
14 breached the terms of its contracts with consumers.

15     89.     Plaintiff and members of the Class have suffered damages in the form of monies
16 lost as a direct and proximate result of Hampton Direct's breaches.

17     90.     Plaintiff, individually and on behalf of the Class, seeks damages for Hampton
18 Direct's breaches in an amount to be proved.

## COUNT IV

**Unjust Enrichment in the alternative to breach of contract**

**(against Hampton Direct)**

**(Individually and on behalf of the Class)**

23     91.     Plaintiff incorporates by reference the foregoing allegations, excluding paragraphs
24 84 through 90.

25     92.     Defendant Hampton Direct knowingly received a monetary benefit from Plaintiff
26 and the Class in the form of fees, revenue share, or other value given by Sempris when Hampton
27 Direct wrongfully permitted Sempris to obtain the Class members' contact and billing

COMPLAINT — CLASS ACTION     - 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  information, which Sempris then used to charge recurring monthly fees from members of the
2  Class.

3      93.    Hampton Direct appreciates or has knowledge of such benefits.

4      94.    Hampton Direct had no valid basis to accept benefits that are derived from
5  Sempris charging Class members for unauthorized Membership Program fees.

6      95.    Under principles of equity and good conscience, Hampton Direct should not be
7  permitted to retain the benefits it wrongfully received from Plaintiff and the members of the
8  Class.

9      96.    Plaintiff, individually and on behalf of the Class, seeks restitution of all monies
10 Hampton Direct have unjustly received as a result of their conduct alleged herein, as well as all
11 other relief the Court deems necessary to make them whole.

## COUNT V

**Unjust Enrichment**

**(against Sempris)**

**(Individually and on behalf of the Class)**

16     97.    Plaintiff incorporates by reference the foregoing allegations, excluding paragraphs
17 84 through 90.

18     98.    Sempris, knowingly and without authorization, charged Membership Program
19 fees to the credit and debit accounts of Plaintiff and the members of the Class.

20     99.    As a result, and despite having no basis to do so, Sempris unjustly received and
21 continues to receive a monetary benefit in the form of membership fees charged to those
22 consumers who have not provided their consent or authorization to be charged.

23     100.    Sempris appreciates and/or has knowledge of those benefits.

24     101.    Under principles of equity and good conscience, Sempris should not be permitted
25 to retain the money belonging to Plaintiff and the members of the Class that it unjustly received
26 as a result of its unlawful actions.

27     102.    Plaintiff, individually and on behalf of the Class, seeks restitution for Sempris's

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

unlawful conduct, as well as all other relief the Court deems necessary to make them whole.

**PRAYER FOR RELIEF**

Plaintiff Georgia Noonan, individually and on behalf of the Classes, requests that the Court enter an Order providing for the following relief:

A.  Certify this case as a class action on behalf of the Classes defined above, appoint Plaintiff as Class Representative, and appoint her counsel as Class Counsel;

B.  Declare that Defendants' actions, as set out above, violate RCW ch. 19.86, RCW ch. 19.56, constitute breach of contract, and constitute unjust enrichment;

C.  Award all damages caused by Defendants' wrongful conduct;

D.  Award treble damages as appropriate;

E.  Award restitution against Defendants for all money to which Plaintiff and the Classes are entitled in equity;

F.  Award Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

G.  Award Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable;

H.  Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

I.  Award such other and further relief as equity and justice may require.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: February 12, 2013.                    Respectfully submitted,

*s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.

COMPLAINT — CLASS ACTION           - 17 -

| | |
|---|---|
| 1 | 627 208th Ave. SE |
| | Sammamish, WA 98704-7033 |
| 2 | (425) 868-7813 |
| | cliff.cantor@comcast.net |
| 3 | |
| | Rafey S. Balabanian* |
| 4 | Benjamin H. Richman* |
| | Christopher L. Dore* |
| 5 | Alicia E. Hwang* |
| | EDELSON MCGUIRE LLC |
| 6 | 350 N. LaSalle St., Ste. 1300 |
| | Chicago, IL 60654 |
| 7 | (312) 589-6370 |
| | rbalabanian@edelson.com |
| 8 | brichman@edelson.com |
| | cdore@edelson.com |
| 9 | ahwang@edelson.com |
| 10 | |
| 11 | Attorneys for Plaintiff |
| 12 | * applications for admission |
| 13 | *pro hac vice* to be filed |