THE HONORABLE ROBERT S. LASNIK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GEORGIA NOONAN, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMPRIS, LLC, a Delaware limited liability company, and HAMPTON DIRECT, INC., a Vermont corporation,<br><br>Defendants. | Case No. 2:13-cv-00257-RSL<br><br>**SEMPRIS, LLC'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**<br><br>NOTE ON MOTION CALENDAR: FRIDAY, MAY 10, 2013<br><br>ORAL ARGUMENT REQUESTED |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND ...................................................................................2

    I.      Noonan's Conclusory — and False — Allegations About Her Phone Call ...........2

    II.     The Recorded Telephone Call Tells a Completely Different Story from the
Complaint......................................................................................................3

    III.    Noonan Was Charged $1.00 But Promptly Received A Refund – Before Suit
Was Filed .....................................................................................................5

ARGUMENT ..........................................................................................................5

    I.      This Court Must Dismiss the Complaint for Lack of Subject Matter
Jurisdiction Under Rule 12(b)(1) Because Noonan Lacks Standing Under
Article III ......................................................................................................5

          A.     Noonan Has Not Suffered an Injury-in-Fact Because She Received a
Full Refund ..........................................................................................5

          B.     Noonan's Attempt to Represent a Class Does Not Give Her Standing
in the Absence of an Injury-in-Fact to Her ...................................................7

          C.     Noonan Also Lacks Standing to Seek Injunctive Relief............................7

    II.     This Court Should Dismiss the Complaint Under Rule 12(b)(6) Because The
Taped Phone Call Reveals That the Allegations Are Implausible and Indeed
Patently False ...............................................................................................9

          A.     This Court Can Consider the Recorded Telephone Call Under the
Incorporation-By-Reference Doctrine .......................................................9

          B.     Noonan's Claims That the Terms of Budget Savers Were Not
Disclosed and That Her Credit Card Was Improperly Charged Are
Implausible in Light of the Recorded Call................................................11

          C.     Numerous Courts Have Dismissed Complaints Based on Virtually
Identical Disclosures, Ruling That a Reasonable Consumer Would Not
Be Misled ............................................................................................13

    III.    Noonan's Statutory Claims Must Be Dismissed For The Additional Reason
That She Fails to Challenge a Practice Affecting the Public Interest ...................15

    IV.    Noonan Also Fails to State a Claim for Unjust Enrichment ................................16

i

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

V.    Noonan's Complaint Must Be Dismissed Because Her Claims Are Preempted
      by Federal Law ................................................................................................17

CONCLUSION ................................................................................................18

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

# TABLE OF AUTHORITIES

*Alvarado v. Microsoft Corp.*,
    No. 09-189, 2010 WL 715455 (W.D. Wash. Feb. 22, 2010)..............................................16, 17

*Aziz v. Knight Transp.*,
    No. 12-904, 2012 WL 3596370 (W.D. Wash. Aug. 21, 2012).....................................9, 11, 16

*Baker v. Inter National Bank*,
    No. 08-5668, 2012 WL 174956 (D.N.J. Jan. 19, 2012).........................................................6, 7

*Behnke v. Ahrens*,
    294 P.3d 729 (Wash. Ct. App. 2012) ..............................................................................11, 16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).....................................................................................................................9

*Berry v. Webloyalty.com, Inc.*,
    No. 10-1358, 2011 WL 1375665 (S.D. Cal. Apr. 11, 2011)......................................................14

*Campion v. Old Republic Home Protection Co., Inc.*,
    861 F. Supp. 2d 1139 (S.D. Cal. 2012).......................................................................................8

*Castagnola v. Hewlett-Packard Co.*,
    No. 11-5772, 2012 WL 2159385 (N.D. Cal. June 13, 2012)..............................................8, 15

*Cetacean Cmty. v. Bush*,
    386 F.3d 1169 (9th Cir. 2004) ....................................................................................................6

*Chamber of Commerce of U.S. v. Lockyer*,
    No. 05-2257, 2006 WL 462482 (E.D. Cal. Feb. 27, 2006).......................................................18

*Condit v. Dunne*,
    317 F. Supp. 2d 344 (S.D.N.Y. 2004)......................................................................................10

*Condit v. Dunne*,
    No. 06-13126, 2008 WL 2676306 (S.D.N.Y. July 8, 2008).....................................................10

*Davis v. Homecomings Fin.*,
    No. 05-1466, 2007 WL 1600809 (W.D. Wash. June 1, 2007) .............................................8, 9

*De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP*,
    269 F.R.D. 445 (E.D. Pa. 2010)................................................................................................15

*Frankeberger v. Starwood Hotels & Resorts Worldwide, Inc.*,
    No. 09-1827, 2010 WL 2217871 (W.D. Wash. June 1, 2010) ..................................................9

iii

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

*Freeman v. ABC Legal Servs., Inc.*,
    877 F. Supp. 2d 919 (N.D. Cal. 2012) ............................................................................7

*Gest v. Bradbury*,
    443 F.3d 1177 (9th Cir. 2006) ........................................................................................7

*Gonzales v. Comcast Corp.*,
    No. 10-1010, 2012 WL 10621 (E.D. Cal. Jan. 3, 2012) ................................................7

*Gutenkauf v. City of Tempe*,
    No. 10-2129, 2011 WL 1672065 (D. Ariz. May 4, 2011) ..............................................7

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
    105 Wash.2d 778 (1986) ...............................................................................................11

*Heberling v. JPMorgan Chase Bank*,
    No. 67629-6-I, 2012 WL 6690129 (Wash. Ct. App. Dec. 24, 2012)............................15

*Howell v. Joffe*,
    483 F. Supp. 2d 659 (N.D. Ill. 2007) ...........................................................................10

*Kazia Digo, Inc. v. Smart Circle Int'l, LLC*,
    No. 11-544, 2012 WL 836233 (W.D. Wash. Mar. 12, 2012) ..................................15, 16

*Keithly v. Intelius Inc.*,
    764 F. Supp. 2d 1257 (W.D. Wash. 2011)..............................................................11, 14, 15

*Klein v. Vision Lab Telecomms., Inc.*,
    399 F. Supp. 2d 528 (S.D.N.Y. 2005) ..........................................................................18

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ........................................................................................9

*Laster v. T-Mobile USA, Inc.*,
    No. 05-1167, 2009 WL 4842801 (S.D. Cal. Dec. 14, 2009) ...........................................9

*Lazy Y Ranch Ltd. v. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ..........................................................................................9

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ........................................................................................7

*Lima v. Gateway*,
    886 F. Supp. 1170 (C.D. Cal. 2012) .............................................................................12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)........................................................................................................7

iv

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

*Malone v. Clark Nuber, P.S.*,
  No. 07-2046, 2008 WL 2545069 (W.D. Wash. June 23, 2008) ....................17

*Mansfield v. Midland Funding, LLC*,
  No. 09-358, 2011 WL 1212939 (S.D. Cal. Mar. 30, 2011) .........................7

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ...............................................................9, 10

*McCarthy v. Barrett*,
  804 F. Supp. 2d 1126 (W.D. Wash. 2011)...............................................8

*McCarthy v. United States*,
  850 F.2d 558 (9th Cir. 1988) ................................................................6

*McNair v. Synapse Grp., Inc.*,
  No. 06-5072, 2010 WL 4777483 (D.N.J. Nov. 15, 2010) .........................15

*Minnick v. Clearwire US, LLC*,
  683 F. Supp. 2d 1179 (W.D. Wash. 2010).............................................10

*Parrino v. FHP, Inc.*,
  146 F.3d 699 (9th Cir. 1998) ...............................................................10

*Patriotic Veterans, Inc. v. Indiana*,
  821 F. Supp. 2d 1074 (S.D. Ind. 2011)..................................................18

*Payan v. Aramark Mgmt. Servs. Ltd. P'ship*,
  495 F.3d 1119 (9th Cir. 2007) .............................................................10

*Penner v. Chase Bank USA NA*,
  457 F. App'x 693 (9th Cir. 2011) .........................................................11

*Rainwater v. Alarcon*,
  268 F. App'x 531 (9th Cir. 2008) ..........................................................8

*Ross v. U.S. Bank Nat'l Ass'n*,
  542 F. Supp. 2d 1014 (N.D. Cal. 2008) ..................................................7

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ..............................................................6

*Smale v. Cellco P'ship*,
  547 F. Supp. 2d 1181 (W.D. Wash. 2008)..............................................11

*Spivey v. Adaptive Mktg.*,
  660 F. Supp. 2d 940 (S.D. Ill. 2009)......................................................12

v

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

*Stanford v. Home Depot U.S.A., Inc.*,
   358 F. App'x 816 (9th Cir. 2009) ...................................................................................6

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .......................................................................................10

*In re VistaPrint Corp. Marketing & Sales Practices Litigation*,
   No. 08-1994, 2009 WL 2884727 (S.D. Tex. Aug. 31, 2009) ......................................14

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .......................................................................................7

*Wike v. Vertrue, Inc.*,
   No. 06-204, 2008 WL 2704364 (M.D. Tenn. July 8, 2008) ........................................15

*Williams v. Taylor*,
   529 U.S. 362 (2000)......................................................................................................18

*Young v. Regence BlueShield*,
   No. 07-2008, 2008 WL 4163112 (W.D. Wash. Sept. 2, 2008)..........................6, 7, 10

**OTHER AUTHORITIES**

15 U.S.C. § 6101 *et seq.*...................................................................................................17

16 C.F.R. § 310.1 *et seq.*..................................................................................................17

18 F.C.C.R. 14014 (2003) .................................................................................................17

47 U.S.C. § 227 .................................................................................................................17

68 Fed. Reg. 4580 (2003) ..................................................................................................17

P.L. 102-243......................................................................................................................17

RCW § 19.86.020 ..............................................................................................................11

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*,
   18 F.C.C.R. 14014 (2003)............................................................................................17

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

1

## **INTRODUCTION**

2      This Court should dismiss this lawsuit because Plaintiff Georgia Noonan has no Article III

3 standing to proceed:  She received a full refund of all charges *before* she filed this lawsuit.  And

4 even if she somehow had standing, she fails to state a claim for relief.

5      Sempris is a leading marketing company that offers fee-based membership programs

6 providing exclusive discounts at popular restaurants and retailers.  This lawsuit is one of six baseless

7 complaints filed across the country against Defendant Sempris by Noonan's counsel, Edelson LLC.

8 The first one was filed in the Central District of California, and that case was voluntarily dismissed

9 after the class representative's allegations of deception unraveled during her deposition and her bid

10 for class certification was denied.  *See Dioquino v. Sempris LLC*, No. 11-5556, Dkt. Nos. 71 (order

11 from Ninth Circuit denying request to appeal order denying class certification), 73 (voluntary

12 dismissal) (C.D. Cal. Sep.).  Another lawsuit (filed in the Southern District of California) was also

13 voluntarily dismissed by the plaintiff shortly after Sempris filed a motion to dismiss.  *See Valencia v.*

14 *Sempris, LLC*, No. 12-2985, Dkt. No. 16 (S.D. Cal. 2013).  And motions to dismiss are pending in

15 the three other harassing and meritless lawsuits against Sempris brought by Edelson LLC.

16      This lawsuit is as baseless as the prior dismissed lawsuits.  As a threshold matter, Noonan

17 lacks Article III standing because the *$1.00* introductory fee (which she agreed to during a recorded

18 marketing phone call) was refunded to her credit card and her membership was cancelled *before* she

19 even initiated this lawsuit.  The Ninth Circuit has dismissed similar cases on jurisdictional standing

20 grounds where the plaintiff received a refund before she filed the lawsuit.   But even if (for

21 argument's sake) Noonan had standing, the Court should dismiss her complaint for failure to state a

22 claim under Rule 12(b)(6) because her recorded telephone call with the customer service

23 representative contradicts the allegations in her complaint.  The telephone call — which the Court

24 can consider on a motion to dismiss under the incorporation-by-reference doctrine — shows that

25 Noonan received full disclosure of the terms of the transaction.  Finally, the complaint should be

26 dismissed because the Telephone Consumer Protection Act and its regulations preempt state-law

27 claims that try to regulate interstate telemarketing practices.

28

1

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

**FACTUAL BACKGROUND**

Plaintiff Georgia Noonan, a Washington citizen, filed this putative class action lawsuit against Defendant Sempris, LLC, a Minnesota-based marketing services company, alleging that she had been deceived into enrolling in a fee-based membership rewards program.  The complaint alleges that Sempris failed to disclose the terms and conditions of the program, and charged Noonan's credit card without her authorization. The lawsuit seeks damages and injunctive relief based on the Washington Consumer Protection Act (CPA) and a common-law claim for unjust enrichment. The complaint seeks to certify a nationwide class, including a Washington-only subclass, of "individuals who were enrolled in any Sempris Membership Programs following an over-the-phone purchase of a Hampton Direct product."  Compl. ¶ 49.

## I.   Noonan's Conclusory — and False — Allegations About Her Phone Call.

While Noonan alleges that she was deceived into enrolling in a fee-based membership program during a telephone call, the complaint devotes less than a page to her telephone interaction with the customer service representative.  Noonan alleges she called a phone number provided in a television infomercial to order a product called the Wraptastic. Compl. ¶¶ 37, 38. She alleges that, a few days after completing her purchase for the Wraptastic, a customer service representative called to "confirm her Wraptastic order" and to offer her a membership in the Budget Savers membership discount program.  *Id.* ¶¶ 39, 41.  She further claims the customer representative purportedly did ***not*** mention that she "would be charged a recurring fee of $24.95 a month unless she affirmatively called to cancel."  *Id.* ¶ 42.  She claims she told the representative she "was not interested in the program," and repeatedly declined the offer to enroll in Budget Savers.  *Id.* ¶¶ 43, 44, 46.  Noonan alleges the representative informed her "that she needed to repeat the full sixteen digits of her credit card number to finish confirming her Wraptastic order," and that she did so only because she "[b]eliev[ed] that it was necessary to confirm her order" of the Wraptastic.  *Id.* ¶ 44.  She claims that, notwithstanding her repeated refusals to enroll in Budget Savers, "one month [after the call], she was charged $24.95 for the Sempris Budget Savers Membership Program."  *Id.* ¶ 46.  Finally, Noonan claims "she never received any printed materials relating to her enrollment (and did not otherwise

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

have Sempris's contact information" and, thus, "was unable to contact Sempris to cancel her membership." *Id.* ¶ 47.

## II.   The Recorded Telephone Call Tells a Completely Different Story from the Complaint.

Noonan's actual telephone conversation was audio-recorded after she was notified that it would be taped.  Exs. 1, 2.[1]  The transcript of the call, which the Court may consider under the incorporation-by-reference doctrine, contradicts every material allegation made in the complaint.

In mid-January 2013, Noonan answered a telephone call from a third-party company authorized by Sempris to sell its programs as part of the third-party company's independent marketing efforts. *See* Ex. 2 at 3:11-13.  After confirming her address and telephone number, the customer service representative offered Noonan a membership in Budget Savers.  *Id.* at 4:2-5:2.  He expressly explained the terms and conditions of the membership-based Budget Savers program:

> Budget Savers will save you money on hundreds of stores, restaurants, hotels, airlines, rental cars and much, much more.
>
> . . .
>
> You can certainly cancel at any time.  The number will be in the package: 1 (800) 475-1942.
>
> Budget Savers will bill the $1.00 introductory fee to the Visa within one to five days.  After the first 14 days, unless you call to cancel, they automatically bill the 29.95 each month to the same card without you doing anything further.

*Id.* at 4:10-23.

After Noonan affirmatively agreed to enroll in the Budget Savers program (*id.* at 4:24-5:9) and repeated her full credit card number, expiration date, and CVV code "to confirm that Budget Savers so we can get the benefits out to you under the terms described," (*id.* at 6:24-7:15), the representative again disclosed that Budget Savers would cost "$1.00 for the 14-day trial, 29.95 each month thereafter" and provided Noonan with a phone number to call with "any questions" (*id.* at 9:10-19).

---

[1]  A CD containing a true and correct copy of the audio-taped call, as well as a certified transcript of the telephone call, are attached as Exhibits 1 and 2 to the accompanying Declaration of Michael T. McGowan.  The CD is being filed with the Court manually.

SEMPRIS MOTION TO DISMISS
(13-cv-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

1   Contrary to the allegations in the complaint that Noonan "told the representative that she was
2   not interested in the program" and repeatedly "declined" the membership offer (Compl. ¶¶ 43-46),
3   Noonan repeatedly and affirmatively agreed to enroll.   During the call, Noonan repeatedly
4   interrupted the customer representative, complaining that she was "in a hurry" and demanding that
5   he "speed this up."   *See, e.g.*, Ex. 2 at 3:14-16.   On two occasions, the customer representative
6   suggested that he would "mark [her] down as a 'no'" for the Budget Savers program (*id.* at 6:14-16,
7   7:23-24), but Noonan insisted that she wanted to be enrolled in Budget Savers:

8   CUSTOMER REPRESENTATIVE:  Okay.  Well I'm just going to mark it down as a "no"
9   for you.  Okay?  I'm not --

10   GEORGIA NOONAN:  A "no" for what?

11   CUSTOMER REPRESENTATIVE: For this se- -- your --

12   GEORGIA NOONAN:  Huh?

13   CUSTOMER REPRESENTATIVE:  For what we're -- we're offering you as a preferred
14   customer, ma'am.  I don't want to make you upset.  I'm just trying to do whatever you'd like
15   me to do for you.

16   GEORGIA NOONAN:  I don't understand.  Why -- why are you marking it "no" when I just
17   gave you the number?

18   CUSTOMER REPRESENTATIVE:  Because you were saying that you didn't want it before.

19   GEORGIA NOONAN:  **I didn't say I didn't want it.**

20   CUSTOMER REPRESENTATIVE:  Okay.  So you do --

21   GEORGIA NOONAN:  When did I say I did not want it?  I said this:  Business hours are
22   from 8:00 to 5:00, not almost nine o'clock at night.

23   CUSTOMER REPRESENTATIVE:  Okay.

24   . . .

25   GEORGIA NOONAN:  **Anyway, you got my number and I -- I did not say "no."**  So is
26   there anything else you need?

27   CUSTOMER REPRESENTATIVE:  I'm trying to wrap up the call for you.  Again, Budget

28

4

Savers --

GEORGIA NOONAN:  Okay.

CUSTOMER REPRESENTATIVE:  -- is $1.00 for the 14-day trial, 29.95 each month thereafter.  Enjoy your $60.00 at Walmart or Target gift card vouchers for utilizing your savings.  Okay?

GEORGIA NOONAN:  Okay.

*Id.* at 7:23-9:16 (emphases added).

A welcome packet was also mailed to Noonan's home address.  The tracking information provided by the U.S. Postal Service indicates that the package was sent for delivery to Noonan's home address on January 25, 2013.  Ex. B.[2]  The welcome packet again disclosed the key terms and conditions of the membership program, including information on (a) the $1.00 trial fee, (b) the $29.95 monthly fee after the trial period, (c) the credit card which would be charged, (d) how to cancel the program, and (e) a toll-free number, a website, and a mailing address to contact Sempris to cancel the program.  Ex. A at 2, 3.

**III.   Noonan Was Charged $1.00 But Promptly Received A Refund – Before Suit Was Filed.**

Noonan's credit card was charged $1.00 on or around January 9, 2013, the date of the phone call.  McGowan Decl. ¶ 7 & Ex. 3.  Her $1.00 was refunded in full to her credit card and her membership to Budget Savers was cancelled on or around January 28.  *Id.*  About two weeks later — after being made completely whole — Noonan filed a lawsuit against Sempris on or around February 12, 2013.  *Id.*; ECF No. 1.

**ARGUMENT**

**I.     This Court Must Dismiss the Complaint for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) Because Noonan Lacks Standing Under Article III.**

**A.   Noonan Has Not Suffered an Injury-in-Fact Because She Received a Full Refund.**

Noonan lacks Article III standing because she has not suffered an "injury in fact."  Before it can adjudicate a claim, "an Article III federal court must ask whether a plaintiff has suffered

---

[2]  Exhibits A and B are attached to the concurrently-filed Declaration of Mark Blunt.

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

1    sufficient injury to satisfy the 'case or controversy' requirement of Article III." *Cetacean Cmty. v.*

2    *Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  "To satisfy Article III, a plaintiff must show that (1) it

3    has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not

4    conjectural or hypothetical; (2) the injury is fairy traceable to the challenged action of the defendant;

5    and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable

6    decision."  *Id.* (internal quotation marks omitted).  "A suit brought by a plaintiff without Article III

7    standing is not a 'case or controversy,'" and "should be dismissed under Rule 12(b)(1)."  *Id.*[3]

8          Here, Noonan's receipt of a full refund before she filed suit irrevocably deprives her of

9    standing. Numerous federal courts in the Ninth Circuit and elsewhere have dismissed similar

10   complaints where plaintiffs were made whole prior to initiating litigation.  For example, in *Stanford*

11   *v. Home Depot U.S.A., Inc.*, Home Depot had erroneously charged the plaintiff $19.00, but that was

12   refunded after the plaintiff complained.  358 F. App'x 816, 817 (9th Cir. 2009).  The Ninth Circuit

13   affirmed dismissal of the putative class action complaint, explaining that because he "had no injury

14   when th[e] action was brought, [the] plaintiff did not satisfy Article III standing requirements."  *Id.*

15   at 819.  Similarly, in *Baker v. Inter National Bank*, the plaintiff complained that the defendant bank

16   had not disclosed that there would be a nominal monthly maintenance fee for a $50 gift card and that

17   he had been assessed such fees.  No. 08-5668, 2012 WL 174956, at *1 (D.N.J. Jan. 19, 2012).  The

18   court dismissed the lawsuit, noting that the plaintiff had "suffered no injury because the entire $4.95

19   fee charged on April 30, 2008 was refunded."  *Id.*

20         And in *Young v. Regence BlueShield*, this Court dismissed the plaintiffs' individual and class

21   claims for lack of standing because the defendant had "remitted payment" of the amount in dispute

22   "before plaintiffs filed [the] lawsuit."  No. 07-2008, 2008 WL 4163112, at *3-4 (W.D. Wash. Sept.

23

24   [3]  In considering a Rule 12(b)(1) motion, "the district court is not restricted to the face of the
     pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes

25   concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.
     1988); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("the district

26   court may review evidence beyond the complaint without converting the motion to dismiss into a
     motion for summary judgment, and the court need not presume the truthfulness of the plaintiff's

27   allegations").  Therefore, this Court can consider the Declaration of Michael T. McGowan and
     Exhibit 3, which show that Noonan received a full refund and thus lacks standing to pursue this case.

28

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

2, 2008) (Lasnik, J.); *see also Gonzales v. Comcast Corp.*, No. 10-1010, 2012 WL 10621, at *3, 5 (E.D. Cal. Jan. 3, 2012) (plaintiffs suffered no "injury in fact" as a result of overcharge where defendant issued a refund of the funds deducted from plaintiffs' checking account before lawsuit was filed), *adopted*, 2012 WL 2012 WL 217708 (E.D. Cal. Jan. 23, 2012); *Gutenkauf v. City of Tempe*, No. 10-2129, 2011 WL 1672065, at *1 (D. Ariz. May 4, 2011) (holding there was no "case or controversy" because "the City of Tempe [had already] refunded plaintiff's payment in full").

### B. Noonan's Attempt to Represent a Class Does Not Give Her Standing in the Absence of an Injury-in-Fact to Her.

"In class actions, the named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). Thus, "if none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *Id.*; *see also Young*, 2008 WL 4163112, at *4 ("Because plaintiffs lack standing to pursue an individual claim for damages, they also lack standing to pursue relief on behalf of a class."); *Mansfield v. Midland Funding, LLC*, No. 09-358, 2011 WL 1212939, at *3 (S.D. Cal. Mar. 30, 2011) ("Without a claim, [plaintiff] may not represent others who could have such a claim."); *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008) (same); *Baker*, 2012 WL 174956, at *8 (plaintiff "cannot base a case or controversy" on a different "circumstance").

### C. Noonan Also Lacks Standing to Seek Injunctive Relief.

To establish standing to seek prospective relief, a plaintiff must show "a likelihood of future injury." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (plaintiff must show he or she is "realistically threatened by a *repetition* of the violation"). "Past exposure to [allegedly] illegal conduct does not itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). "Abstract speculation of harm

7

1    that could occur" is also insufficient.  *McCarthy v. Barrett*, 804 F. Supp. 2d 1126, 1149-50 (W.D.

2    Wash. 2011).   And a plaintiff cannot "rely on the prospect of future injury to unnamed class

3    members if [he or she] cannot establish [he or she] ha[s] standing to seek injunctive relief."

4    *Castagnola v. Hewlett-Packard Co.*, No. 11-5772, 2012 WL 2159385, at *5 (N.D. Cal. June 13,

5    2012); *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 927 (N.D. Cal. 2012) (same).

6            An instructive case is *Castagnola v. Hewlett-Packard*, where the plaintiffs alleged that they

7    were intending to purchase products from the well-known photo website Snapfish.com (which is

8    owned by Hewlett-Packard).  *See* 2012 WL 2159385, at *1.  The plaintiffs argued that they had been

9    duped into enrolling in the Snapfish Valuepass program, a rewards program that charged a monthly

10   fee after a free trial period.  The Northern District of California dismissed the claim for injunctive

11   relief because it held that the plaintiffs failed to show that there was a "likelihood of future injury."

12   *Id.* at *5.  The plaintiffs did not allege "that they intend to purchase products from Snapfish.com in

13   the future or that, if they did, they would seek to participate in the Snapfish Valuepass program."  *Id.*

14   at *6.  And even if they did intend to purchase such products, the court held that "Plaintiffs now

15   have knowledge of the terms and conditions of the program" and therefore there is no "realistic

16   threat that they would be harmed by Defendants' conduct in the future."  *Id.*

17           Here, as in *Castagnola*, Noonan does not allege that she intends to purchase a product from

18   Hampton Direct or to participate in the Budget Savers program in the future.  *Id.*; *see also Davis v.*

19   *Homecomings Fin.*, No. 05-1466, 2007 WL 1600809, at *2 (W.D. Wash. June 1, 2007) (Lasnik, J.)

20   ("a plaintiff who has no on-going relationship with the defendant lacks standing to obtain an

21   injunction against its future conduct").  But even if she did, "Plaintiff[] now ha[s] knowledge of the

22   terms and conditions of the program."  *Castagnola*, 2012 WL 2159385, at *6.  Thus, Noonan "ha[s]

23   not alleged facts showing a realistic threat that [she] would be harmed by [Sempris'] conduct in the

24   future," and she lacks standing to seek injunctive relief against Sempris.  *Id.*[4]  Because Noonan is not

25

26   [4]  *See also Rainwater v. Alarcon*, 268 F. App'x 531, 533 (9th Cir. 2008) (no standing for injunctive
27   relief since "now armed with the knowledge of Lupron's devastating side effects, there is no future
     threat that [plaintiff's] right to informed consent would again be violated with Lupron"); *Campion v.*
28   *Old Republic Home Protection Co., Inc.*, 861 F. Supp. 2d 1139, 1149-50 (S.D. Cal. 2012) (no

8

1    entitled to seek injunctive relief, she "may not represent a class seeking that relief." *Davis*, 2007 WL

2    1600809, at *4.

3    **II.      This Court Should Dismiss the Complaint Under Rule 12(b)(6) Because The Taped**

4    **Phone Call Reveals That the Allegations Are Implausible and Indeed Patently False.**

5            To survive a 12(b)(6) motion, a complaint must allege sufficient factual matter to "state a

6    claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

7    (2007).  The court should disregard "allegations contradicting documents that are referenced in the

8    complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d

9    580, 588 (9th Cir. 2008).  "In order to determine whether a claim rises above the speculative level

10   and attains plausibility, courts must consider not only the pleadings and documents that are an

11   integral part of the complaint, but also any 'obvious alternative explanation' for the defendant's

12   conduct based on the court's 'judicial experience and common sense.'" *Aziz v. Knight Transp.*, No.

13   12-904, 2012 WL 3596370, at *3 (W.D. Wash. Aug. 21, 2012) (Lasnik, J.).  Here, Counts I, II, and

14   V of Noonan's complaint (the only Counts pled against Sempris) fail to state a claim because

15   Noonan cannot plausibly allege that Sempris either (1) failed to disclose to her the material terms of

16   the Budget Savers membership program, or (2) did not obtain authorization from Noonan for the

17   $1.00 charge to her credit card.

18      **A. This Court Can Consider the Recorded Telephone Call Under the Incorporation-**

19      **By-Reference Doctrine.**

20           As a preliminary matter, a court may consider on a motion to dismiss "evidence on which the

21   complaint 'necessarily relies,'" even if it is not physically attached to the complaint.  *Marder v.*

22   *Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)

23

24   standing to seek injunctive relief where plaintiff "no longer ha[d] a warranty plan with Defendant,"
     did "not ever intend to purchase another one," and "now has knowledge of Defendant's alleged
     misconduct"); *Frankeberger v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 09-1827, 2010 WL

25   2217871, at *2 (W.D. Wash. June 1, 2010) (no standing once plaintiffs "have full knowledge" of the

26   facts and there is no "credible threat" of future harm); *Laster v. T-Mobile USA, Inc.*, No. 05-1167,
     2009 WL 4842801, at *4 (S.D. Cal. Dec. 14, 2009), *vacated in part on other grounds by* 466 F.

27   App'x 613 (9th Cir. 2012) (no standing where plaintiffs "now know" about facts supposedly hidden

28   from them).

Sempris Motion to dismiss
(13-cv-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

(incorporation-by-reference doctrine applies to "situations in which the plaintiff's claim depends on the contents of a document").  The purpose of this rule is "to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their  claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

The incorporation-by-reference doctrine is not limited to documents, and allows consideration of audio recordings, such as recordings of the telephone calls referenced in Noonan's complaint.  *See* Compl. ¶¶ 39-46 (purporting to describe phone call).  For example, the *Howell* court considered a "voicemail recording" because "the voicemail message [wa]s referenced in the complaint and [wa]s central to [the plaintiff's] claims."  *Howell v. Joffe*, 483 F. Supp. 2d 659, 667 (N.D. Ill. 2007).  Similarly, in *Condit v. Dunne*, the Southern District of New York considered audio recordings of two television shows on the ground that the "plaintiff relie[d] on them and they [we]re integral to plaintiff's action."  317 F. Supp. 2d 344, 357 (S.D.N.Y. 2004); *see also Condit v. Dunne*, No. 06-13126, 2008 WL 2676306, at *2 (S.D.N.Y. July 8, 2008) (considering DVD and transcript of *Larry King Live* broadcast); *cf. Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1183, 1188 (W.D. Wash. 2010) (dismissing CPA false advertising claim where plaintiff's allegations were "undermined" by website referenced in complaint).

Because Noonan's claims "necessarily rel[y]" on her phone call with the customer representative, it is proper for the Court to consider the transcript and audio-recording of that phone call.  *See Marder*, 450 F.3d at 448; *see also Condit*, 317 F. Supp. 2d at 357 (considering on motion to dismiss audio recordings that were "integral to plaintiff's action").  This Court can also consider the welcome packet that was mailed to Noonan (Ex. A) because she references it in her complaint and relies upon it in alleging she was unable to cancel her membership in Budget Savers.  *E.g.*, Compl. ¶ 47; *cf. Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (court can consider documents "crucial to the plaintiff's claims" but which are "deliberately omit[ted]" by the plaintiff to avoid dismissal).[5]

---

[5]  Sempris "is not required to prove that the [welcome packet] was actually received.  Instead, [Sempris] is entitled to a presumption that it was received based on the mailbox rule." *Young*, 2008 WL 4163112, at *4 (citing *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1123 n.4

10

SEMPRIS MOTION TO DISMISS
(13-cv-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

**B. Noonan's Claims That the Terms of Budget Savers Were Not Disclosed and That Her Credit Card Was Improperly Charged Are Implausible in Light of the Recorded Call.**

The Washington Consumer Protection Act ("CPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  RCW § 19.86.020.[6]   To state a claim that a defendant's act was "deceptive" under the CPA, a plaintiff must show that the act was "likely to deceive a substantial portion of the purchasing public." *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1269 (W.D. Wash. 2011) (Lasnik, J.); *see also Aziz*, 2012 WL 3596370, at *1 (to be "deceptive," an act "must have the capacity to deceive a substantial portion of the population" regarding "something of material importance").  Courts determining whether a particular act has "the capacity to deceive" evaluate it from the perspective of a objective "reasonable" or "ordinary" consumer. *Behnke v. Ahrens*, 294 P.3d 729, 736 (Wash. Ct. App. 2012).

Where a plaintiff alleges he or she was deceived, courts look to the communications between the parties to determine whether the plaintiff states a claim for fraud or deception. *See, e.g.*, *Smale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1183 (W.D. Wash. 2008) (reviewing Verizon's disclosures and dismissing CPA claim); *Penner v. Chase Bank USA NA*, 457 F. App'x 693, 694 (9th Cir. 2011) (affirming dismissal of CPA claim where Chase made disclosures and its actions thus did not have "the capacity to deceive a substantial portion of the public"). Here, the alleged deception occurred during Noonan's phone conversation, but the transcript of that call shows that the terms and conditions of Budget Savers were clearly disclosed to Noonan, and that she voluntarily signed up for it. Ex. 2 at 4:17-5:9, 8:8-9:16.  Given the absence of plausible allegations that (1) the material terms of the membership program were not disclosed and (2) she did not authorize the charge, not one of

---

(9th Cir. 2007)); *see also* Ex. B (evidencing welcome packet was sent out for delivery to Noonan's address on January 25, 2013).

[6]   In addition to showing that the challenged act or practice is "unfair or deceptive" and occurs in trade or commerce, a plaintiff seeking relief under the CPA must allege that the conduct (1) affects the public interest, and (2) caused injury to his or her business or property.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986).   As explained elsewhere in this motion, Plaintiff cannot satisfy either of these requirements.

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

Noonan's causes of action states a claim upon which relief can be granted.  Indeed, each one of the alleged deceptions identified in the complaint is rebutted by the transcript of the call:

<u>First</u>, Noonan alleges Sempris failed to disclose the "price and term" of the Budget Savers program.  Compl. ¶¶ 43, 60, 61.  But her allegation is contradicted by the phone call:  The customer service representative disclosed the cost of the membership program by explaining *twice* that there was an initial fee of $1.00 for a 14-day trial of the Budget Savers program after which, if Noonan chose not to cancel the program, she would be billed $29.95 each month.[7]  The welcome packet reiterated that "a subscriber fee" of $29.95 would be charged "every month after the trial period" to the credit or debit card provided during the call.  Ex. A at 2.[8]

<u>Second</u>, Noonan contends Sempris failed to disclose "that funds would be charged to [her] . . . credit account[] for the" Budget Savers program and to identify "the account to be charged."  Compl. ¶¶ 60, 63.  But the customer service representative told Noonan that the "$1.00 introductory fee" would be charged to her Visa and that if she chose not to cancel the membership program within the first 14 days the same card would be charged $29.95 each month.  Ex. 2 at 4:19-23.  Noonan then read her full 16-digit credit card number, expiration date, and CVV code to the representative to "confirm" her Budget Savers enrollment.  *Id.* at 5:14-16, 6:24-7:15.  And, when the representative informed her that he would mark her as "no" for the program after she complained about calling late at night, Noonan responded, "[Y]ou got my number and I -- I did not say 'no.'"  Ex. 2 at 9:6-7.  The welcome packet also identified the specific credit card (specifying the last four digits) that would be charged.  *See* Ex. A at 2.

<u>Third</u>, Noonan contends Sempris failed to disclose to "the actions necessary to prevent those

---

[7]  Ex. 2 at 4:19-23 ("Budget Savers will bill the $1.00 introductory fee to the Visa within one to five days.  After the first 14 days, unless you call to cancel, they automatically bill the 29.95 each month to the same card without you doing anything further."); *id* at 9:10-13 ("Again, Budget Savers . . . is $1.00 for the 14-day trial, 29.95 each month thereafter.").

[8]  *Cf. Lima v. Gateway*, 886 F. Supp. 1170, 1177-78 (C.D. Cal. 2012) (holding plaintiff assented to terms mentioned during phone call and later confirmed in writing); *Spivey v. Adaptive Mktg., LLC*, 660 F. Supp. 2d 940, 949 (S.D. Ill. 2009), *aff'd* 622 F.3d 816 (7th Cir. 2010) (plaintiff was bound by written terms in "welcome kit" mailed after telephone transaction).

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

charges." Compl. ¶ 60.  But during the call, the customer representative (1) explained that if Noonan did not cancel, her card would be charged a monthly fee, (2) stated that Noonan could "cancel at any time," and then (3) gave her the phone number to do so.  Ex. 2 at 4:17-23; *see also id.* at 9:17-19 (providing Noonan with a second toll-free number to call with "any questions").  The welcome packet also provided three different ways to cancel.  Ex. A at 3 (listing phone number, mailing address, and website address to cancel membership).

Fourth, Noonan claims Sempris failed to disclose that she "would be charged a recurring fee of $24.95 a month unless she affirmatively called to cancel."  Compl. ¶¶ 42, 60.  Noonan's contention again is undermined by the phone call:  "After the first 14 days, unless you call to cancel, they automatically bill the 29.95 each month to the same card without you doing anything further."  Ex. 2 at 4:19-23.  The representative later repeated that the Budget Savers program cost "$1.00 for the 14-day trial, 29.95 each month thereafter."  *Id.* at 9:10-13.  And, of course, Noonan was never charged $24.95, or any amount other than the already-refunded $1.00.  McGowan Decl. ¶ 7 & Ex. 3. The welcome packet repeated twice that Noonan would automatically be charged monthly if she did not cancel the membership.  Ex. A at 2, 3.

Fifth, Noonan alleges Sempris failed to "obtain [her] express agreement to be charged" for the membership program, and that her credit card was charged "without authorization" or "consent" such that her ultimate enrollment in Budget Savers was "unsolicited."  Compl. ¶¶ 1, 63, 64, 81, 98. But during the phone call, Noonan twice accepted the terms of the Budget Savers offer (Ex. 2 at 4:19-5:9, 9:10-16) and in fact demanded that the customer representative not "mark [Budget Savers] down as a 'no' for" her, clarifying for the representative that she "didn't say [she] didn't want it." *Id.* at 6:14-8:12; *see also id.* at 9:6-16 ("Anyway, *you got my* [credit card] *number* [which she provided during the call] *and I – I did not say 'no.'*") (emphasis added).

### C. Numerous Courts Have Dismissed Complaints Based on Virtually Identical Disclosures, Ruling That a Reasonable Consumer Would Not Be Misled.

Even if Noonan claims that she was somehow confused by the clear language used by the customer service representative, that fact is irrelevant.  Claims of alleged deception are analyzed

13

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

through an objective standard, not a subjective one.   Therefore, Noonan must show that the statements were "*likely* to deceive a *substantial* portion of the purchasing public."   *Keithly*, 764 F. Supp. 2d at 1269 ("Perfection is not the standard . . . [a defendant] merely has to advertise and sell its goods in a manner that is not likely to deceive a substantial portion of the purchasing public.") (emphases added).   Numerous courts have dismissed similar cases filed against marketing companies by plaintiffs who alleged they were deceived into enrolling despite the defendants' disclosures regarding the terms and conditions of the membership programs.

For example, in *In re VistaPrint Corp. Marketing & Sales Practices Litigation*, the plaintiffs alleged that they had been misled into enrolling into a membership-based program with a monthly fee after they purchased business cards from VistaPrint.   No. 08-1994, 2009 WL 2884727, at *6 (S.D. Tex. Aug. 31, 2009), *aff'd Bott v. VistaPrint USA Inc.*, 392 F. App'x 327 (5th Cir. 2010).   The Court dismissed the case on the pleadings because it held that the disclosures made to the plaintiffs — which are almost identical to those in this case — were non-deceptive as a matter of law.   For example, the defendant asked the plaintiffs if they wanted a "trial membership [to] take advantage of the great savings that VistaPrint Rewards has to offer plus claim your $10.00 Cash Back.   The membership fee of $14.95 will be charged/debited by VistaPrint Rewards to the card you used today with VistaPrint after the 30-day FREE trial and then automatically charged/debited each month."   *Id.* In dismissing the case on Rule 12(b) grounds, the court held that "the language is clear and easily understandable," and thus "prevent[ed]" the defendant's offer "from being deceptive."   *Id.*   Similarly here, the nearly identical language used by the customer service representative was "clear and easily understandable."   *Id.*; *see, e.g.,* Ex. 2 at 4:19-23 ("Budget Savers will bill a $1.00 introductory fee to the Visa within one to five days.   After the first 14 days, unless you call to cancel, it's automatically billed at 29.95 each month to the same card without you doing anything further.").

Other courts have held that similar disclosures for membership rewards programs were non-deceptive as a matter of law.   *See, e.g., Berry v. Webloyalty.com, Inc.*, No. 10-1358, 2011 WL 1375665, at *2, 4 (S.D. Cal. Apr. 11, 2011) (finding similar disclosures "sufficient to place the consumer on notice of the terms and conditions of the club" and dismissing case on a motion to

14

dismiss); *Castagnola*, 2012 WL 2159385, at *2 (dismissing on a Rule 12(b) motion a similar lawsuit because the defendant disclosed that "after the introductory trial period . . . all the great benefits and savings will automatically continue for just $14.95 per month"); *Keithly*, 764 F. Supp. 2d at 1269 (dismissing CPA claim "as a matter of law" where defendant "stated not only that Identity Protect cost $0.00, but also that it could be 'Cancel[led] anytime.  After your trial, you will be billed $19.95 per month'"); *Wike v. Vertrue, Inc.*, No. 06-204, 2008 WL 2704364, at *1 (M.D. Tenn. July 8, 2008) (no deception as a matter of law where representative stated:  "Galleria will automatically charge your card the $1 fee today and after the 30-day trial period, unless of course Ma'am you call to cancel, Galleria will continue membership and each month automatically charge the 19 dollars and 95 monthly fee to the card you provided").

The disclosures Noonan received here, like those in the cited cases, were sufficient as a matter of law.  Attached as Appendix A is a chart comparing the disclosures Noonan received to those in cases in which the courts have ruled there was no deception as a matter of law.  As shown in the chart, the disclosures to Noonan are substantially similar to those that have been approved by other courts.[9]

## III.   Noonan's Statutory Claims Must Be Dismissed For The Additional Reason That She Fails to Challenge a Practice Affecting the Public Interest.

"[P]laintiffs who assert a CPA claim must prove that the defendant's alleged conduct affects the public interest."  *Kazia Digo, Inc. v. Smart Circle Int'l, LLC*, No. 11-544, 2012 WL 836233, at *3 (W.D. Wash. Mar. 12, 2012) (Lasnik, J.).  "To satisfy the public interest element of a CPA claim, the plaintiff must show that the alleged act or practice had the potential to affect large numbers of

---

[9]  The oral nature of the disclosures to Noonan do not change this result because, under Washington law, written and oral representations are evaluated under the same objective "capacity to deceive" test, which allows a court to find oral representations non-deceptive as a matter of law.  *See, e.g.*, *Heberling v. JPMorgan Chase Bank*, No. 67629-6-I, 2012 WL 6690129, at *3-4 (Wash. Ct. App. Dec. 24, 2012).  Indeed, courts have suggested that oral disclosures from a live salesperson are *less likely* than written representations to deceive a reasonable consumer because the consumer is free to ask questions or seek clarification if he or she is confused.  *Cf. De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP*, 269 F.R.D. 445, 466 (E.D. Pa. 2010); *McNair v. Synapse Grp., Inc.*, No. 06-5072, 2010 WL 4777483, at *7-8 (D.N.J. Nov. 15, 2010).

15

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

people.  To do this, a plaintiff must plead facts showing 'a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act being repeated.'"  *Kazia Digo*, 2012 WL 836233, at *3.  "The inquiry essentially hinges on the 'likelihood that additional plaintiffs have been or will be injured in exactly the same fashion.'"  *Id.*; *Behnke*, 294 P.3d at 736.  Here, even if Noonan could somehow show that the customer representative's conduct during her phone call was "deceptive," her CPA claims (Counts I and II) fail because she does not allege any facts to show that the conduct she challenges affects "the public interest."

A review of Noonan's conversation with the customer service representative confirms that the conversation was by no means "standardized" or "routine."  *Kazia Digo*, 2012 WL 836233, at *3.  Noonan repeatedly interrupted the customer representative to complain about the timing of the call and to request that he "speed up" the call because she was "in a hurry."  Ex. 2 at 3:11-16, 7:18-9:7.  Noonan also refused the representative's numerous offers to "mark [Budget Savers] down as a 'no'" for her — demanding twice that she never said she "didn't want" Budget Savers (*id.* at 6:14-9:7) — yet now claims she "told the representative that she was not interested in the program" and "declined the membership" on multiple occasions.  Compl. ¶¶ 43-46.  It simply is not plausible that hundreds of Sempris customers acted in the same manner as Noonan such that they have been injured "in exactly the same fashion."  *Cf. Aziz*, 2012 WL 3596370, at *3 (CPA is not intended to cover a practice affecting only 50-295 individuals and "declin[ing] plaintiff's invitation to speculate" that the defendant's act affected a substantial portion of the public).

IV.     **Noonan Also Fails to State a Claim for Unjust Enrichment.**

Count V of Noonan's Complaint seeks restitution on the ground that Sempris allegedly "received and continues to retain a monetary benefit in the form of membership fees."  Compl. ¶ 99.  To recover for unjust enrichment, a plaintiff must show: (1) a benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit; and (3) that retention of the benefit would be unjust under the circumstances.  *Alvarado v. Microsoft Corp.*, No. 09-189, 2010 WL 715455, at *4 (W.D. Wash. Feb. 22, 2010).  The third element of the claim — retention of a benefit — is absent here.  As explained above, Sempris refunded the $1.00 charge to Noonan's credit card

16

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

before her complaint was filed.  *Supra* p. 5.  Because it already returned all benefits obtained from her, Sempris has not retained any benefit conferred by Noonan, and she fails to state a claim for unjust enrichment.  *Cf. Alvarado*, 2010 WL 715445, at *5.  Even if Sempris had not refunded Noonan's $1.00 payment, her unjust enrichment claim would fail because Noonan's phone call evidences that she entered into an express agreement with Sempris to enroll in the Budget Savers program.  "[A] party to an express contract may not bring an action under a theory of an implied contract relating to the same matter."  *Malone v. Clark Nuber, P.S.*, No. 07-2046, 2008 WL 2545069, at *14 (W.D. Wash. June 23, 2008) (Lasnik, J.).  By accepting Sempris' offer of a 14-day trial in Budget Savers for $1.00, to be automatically extended at $29.95 a month if not cancelled (Ex. 2 at 4:19-5:9, 9:10-16), Noonan entered into a contract.

## V.     Noonan's Complaint Must Be Dismissed Because Her Claims Are Preempted by Federal Law.

Even if Noonan could state a claim upon which relief can be granted under state law (which she cannot), any such claim must be dismissed because it is preempted by federal law.  Congress enacted the Telephone Consumer Protection Act ("TCPA") granting the FCC the right to regulate telephone solicitors. 47 U.S.C. § 227; P.L. 102-243; *see also* 18 F.C.C.R. 14014 (2003). Congress also passed the Telemarketing and Consumer Fraud and Abuse Prevention Act, which gave authority to the FTC to enact its own set of rules.  15 U.S.C. § 6101 *et seq.*  Like the FCC, the FTC adopted a set of extensive regulations governing virtually every aspect of the telemarketing process.  *See* 16 C.F.R. § 310.1 *et seq.*; 68 Fed. Reg. 4580 (2003).

The TCPA includes a savings clause providing that it shall not be read as preempting "any State law that imposes more restrictive *intrastate* requirements or regulations . . . ."  47 U.S.C. § 227(f)(1) (emphasis added).  Interpreting the language of the TCPA, including the savings clause, the FCC has explained that "it was the clear intent of Congress generally to promote a uniform regulatory scheme under which telemarketers would not be subject to multiple, conflicting regulations" and thus "any state regulation of interstate telemarketing calls that differs from [the FCC's] rules almost certainly would conflict with and frustrate the federal scheme and almost

17

SEMPRIS MOTION TO DISMISS
(13-cv-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

certainly would be preempted." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14064-65 (2003).

A number of federal courts have concurred, concluding that the TCPA's savings clause only gives states the authority to regulate *intrastate* telemarketing calls.  *See Patriotic Veterans, Inc. v. Indiana*, 821 F. Supp. 2d 1074, 1078 (S.D. Ind. 2011); *Chamber of Commerce of U.S. v. Lockyer*, No. 05-2257, 2006 WL 462482, at *8-9 (E.D. Cal. Feb. 27, 2006); *Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005).  "To read the TCPA otherwise would render the word 'intrastate' within the savings clause entirely meaningless and thus be inconsistent with the 'cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute.'  If Congress intended for the TCPA to have no preemptive effect, it would not have included the word 'intrastate' in the savings clause." *Patriotic Veterans*, 821 F. Supp. 2d at 1078 (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)).  Because Noonan seeks to regulate interstate telemarketing pursuant to Washington law (*see* Compl. ¶¶ 8, 9, 39), her claims are preempted.

## CONCLUSION

For the foregoing reasons, Sempris respectfully requests that the Court dismiss Noonan's complaint in its entirety.

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

1    DATED this 11th day of April, 2013

2    JENNER & BLOCK LLP

3    By      /s/ Kenneth K. Lee_____
4            Brent Caslin, WSBA # 36145
             Kenneth K. Lee (*pro hac vice*)
5            Kelly M. Morrison (*pro hac vice*)
             633 West 5th Street, Suite 3600
6            Los Angeles, CA 90071
             Telephone: (213) 239-5100
7            Facsimile: (213) 239-5199
             Email: bcaslin@jenner.com
8            klee@jenner.com
             kmorrison@jenner.com
9

10           Craig C. Martin*
             353 N. Clark Street
11           Chicago, IL 60654-3456
             Phone: (312) 222-9350
12           Facsimile: (312) 527-0484
             Email: cmartin@jenner.com
13

14           Thomas D. Adams, WSBA # 18470
             KARR TUTTLE CAMPBELL
15           701 Fifth Avenue, Suite 3300
             Seattle, WA 98104
16           Phone: (206) 223-1313
             Facsimile: (206) 682-7100
17           Email: tadams@karrtuttle.com

18           *application for admission
             *pro hac vice* to be filed
19

20           Attorneys for Defendant Sempris, LLC

21

22

23

24

25

26

27

28
                                              19

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2013, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participants:

- **Thomas Dean Adams**, tadams@karrtuttle.com
- **Rafey S. Balabanian**, rbalabanian@edelson.com
- **Clifford A. Cantor**, cliff.cantor@comcast.net
- **Christopher Dore**, cdore@edelson.com
- **James W. Eidson,** jweidson@stoel.com
- **Leonard J. Feldman**, ljfeldman@stoel.com
- **Alicia E. Hwang**, ahwang@edelson.com
- **Jennifer Levin**, jlevin@venable.com
- **Benjamin H. Richman**, brichman@edelson.com
- **Gregory J. Sater**, gjsater@venable.com
- **Christopher Nelson Weiss**, cnweiss@stoel.com
- **Steven L. Woodrow**, swoodrow@edelson.com

DATED this 11th day of April, 2013.

JENNER & BLOCK LLP

By      /s/ Kenneth K. Lee
        Kenneth K. Lee (*pro hac vice*)
        633 West 5th Street, Suite 3600
        Los Angeles, CA 90071
        Telephone: (213) 239-5100
        Facsimile: (213) 239-5199
        Email: klee@jenner.com

        Attorneys for Defendant Sempris, LLC

SEMPRIS MOTION TO DISMISS
(13-CV-00257-RSL)

Jenner & Block LLP
633 West 5th  Street, Suite 3600
Los Angeles, CA 90071
(213) 239-5100

**APPENDIX A**

| Sempris disclosures | Disclosure language from other cases which the court held was "clear and easily understandable": |
|---|---|
| "Budget Savers will bill a $1.00 introductory fee to the Visa within one to five days.  After the first 14 days, unless you call to cancel, it's automatically billed at 29.95 each month to the same card without you doing anything further." (Ex. 2 at 4:19-234) | "The membership fee of $14.95 per month will be charged/debited by *VistaPrint Rewards* to the card you used today with VistaPrint after the 30-day FREE trial and then automatically charged/debited each month at the then-current monthly membership fee so long as you remain a member." No. 08-1994, 2009 WL 2884727, at *6 (S.D. Tex. Aug. 31, 2009), *aff'd Bott v. VistaPrint USA Inc.*, 392 F. App'x 327 (5th Cir. 2010). |
| "Again, Budget Savers . . . is $1.00 for the 14-day trial, 29.95 each month thereafter." (Ex. 2 at 9:10-13) | "[I]f you sign up for all the Cash Back Rewards of Shopper Discounts & Rewards, the premier online savings service [is] FREE for the next 30 days and only $12 per month thereafter billed to the credit card or deducted from the debit card you used at MovieTickets.com today."  *Berry v. Webloyalty.com, Inc.*, No. 10-1358, 2011 WL 1375665, at *2, 4 (S.D. Cal. Apr. 11, 2011). |
| | "To continue after the introductory trial period, do nothing and all the great benefits and savings will automatically continue for just **$14.95 per month,** billed by Snapfish Valuepass $^{SM}$ to the same credit card." *Castagnola v. Hewlett-Packard Co.*, No. 11-5772, 2012 WL 2159385, at *2 (N.D. Cal. June 13, 2012). |
| | "The membership fee of $19.95 per month will be charged/debited by Intelius.com to the credit/debit card you use today with Intelius.com after the 7-day trial." *Hook v. Intellius,Inc.*, No. 10-239, 2011 WL 1196305, at *7 (M.D. Ga. Mar. 28, 2011). |
| "You can certainly cancel at any time.  The number will be in the package.  1 (800) 475-1942." (Ex. 2 at 4:17-18). | "[Y]ou can call toll-free at 1-888-243-6158 and speak to a *VistaPrint Rewards* member representative within the first 30 days to cancel."  *VistaPrint*, 2009 WL 2884727, at *6. |
| | "Cancel anytime hassle-free, online or by phone." *Berry*, 2011 WL 1375665, at *2, 4. |
| | "You may cancel at anytime, with no further obligation, just by calling the toll-free number contained in the membership information provided to you." *Castagnola*, 2012 WL 2159385, at *2. |