1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

GEORGIA NOONAN,

Plaintiff,

Case No.  C13-257RSL

11

12

13

v.

SEMPRIS, LLC, *et al.*,

Defendants.

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS AND DENYING
PLAINTIFF'S MOTION FOR
LEAVE TO AMEND

14

15

16

17

18

19

20

21

22

This matter comes before the Court on defendant Sempris, LLC's ("Sempris")

"Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(1)

and 12(B)(6)" (Dkt. # 33) and Plaintiff Georgia Noonan's "Motion for Leave to File

Amended Complaint" (Dkt. # 41).  Sempris seeks dismissal of Plaintiff's individual and

putative class claims because she lacks standing and fails to state a claim for relief.

Plaintiff, in turn, seeks leave of court to amend the complaint to substitute Theodore

Driggers as the named plaintiff and proposed class representative and to amend the

caption to reflect the voluntary dismissal of Hampton Direct, Inc.[1]  The Court heard oral

argument on October 9, 2013.  Having reviewed the memoranda, declarations, and

23

24

25

---

    [1]Plaintiff's claims against Defendant Hampton Direct, Inc. were dismissed in July 2013
pursuant to the parties' stipulated dismissal.  Dkt. # 46.

26

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 1

1   exhibits submitted by the parties, and having considered the arguments made during the

2   hearing and the remainder of the record, the Court finds as follows:

3                                    **I. BACKGROUND**

4          This case arises out Sempris's alleged telemarketing scheme that enrolls

5   consumers in a fee-based membership reward program after consumers place telephone

6   orders for products seen on television.  Dkt. # 1 ¶¶ 18-27.  Plaintiff alleges claims that

7   Sempris violated the Washington Consumer Protection Act.  Id. ¶¶ 55-83, 97-102.  She

8   also asserts a claim of unjust enrichment.  Id.  She purports to bring all claims as an

9   individual and on behalf of others similarly situated.  Id.  Her complaint seeks to certify

10  a nationwide class as well as a sub-class consisting of all class members who reside in

11  Washington.  Id. ¶ 49.  Plaintiff seeks money damages and injunctive and/or declaratory

    relief.  Id.  ¶¶ A-I.

12         In response to Sempris's motion to dismiss, Plaintiff asks the Court to "adjourn

13  defendants' motion to dismiss and instead consider her motion for leave to amend."

14  Dkt. # 39 at 2.  Plaintiff has not responded to the substantive arguments raised in

15  Sempris's motion to dismiss.

16         Despite Plaintiff's counsel's acknowledgment that counsel has not communicated

17  with Plaintiff since receiving Sempris's motion to dismiss, dkt. # 41-2 ¶¶ 2-3, Plaintiff's

18  counsel filed a motion for leave to amend the complaint to substitute Mr. Driggers for

19  Ms. Noonan, and amend the caption based on developments since filing this complaint,

20  dkt. # 41.

21

22

23

24

25
    ORDER GRANTING DEFENDANT'S
26  MOTION TO DISMISS AND DENYING
    PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 2

1

## II.  DISCUSSION

2

### A.  Motion to Dismiss

3

#### 1.  Scope of Review

4

A motion to dismiss under Rule 12(b)(1) may present a facial or factual challenge

5

to jurisdiction.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  A

6

facial attack is based on the contention that the allegations in the complaint are

insufficient on their face to invoke federal jurisdiction.  <u>Id.</u>  In contrast, a factual

7

challenge disputes the truth of the allegations on which federal jurisdiction is based.  <u>Id.</u>

8

Sempris presents a factual challenge to subject matter jurisdiction, as its motion targets

9

the veracity of the allegations in the complaint on which federal jurisdiction depends.

10

Dkt. # 33 at 9-12.

11

In resolving a factual attack on jurisdiction, a district court may look beyond the

12

complaint.  <u>Savage v. Glendale Union High Sch.</u>, 343 F.3d 1036, 1040 n.2 (9th Cir.

13

2003).  "Once the moving party has converted the motion to dismiss into a factual

14

motion by presenting affidavits or other evidence properly brought before the court, the

15

party opposing the motion must furnish affidavits or other evidence necessary to satisfy

16

its burden of establishing subject matter jurisdiction."  <u>Id.</u>  The Court has therefore

17

considered all of the evidence presented in order to determine whether Plaintiff has met

18

her burden of establishing the existence of a case or controversy.

19

#### 2.  Article III Standing

To establish Article III standing, a plaintiff must show (1) a concrete injury that

20

is actual or imminent and not hypothetical; (2) fairly traceable to the defendant's

21

allegedly wrongful conduct; (3) that is likely to be redressed by a favorable decision.

22

<u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  To have standing to seek

23

injunctive relief, a plaintiff must also show "a sufficient likelihood that he will again be

24

25

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DENYING

26

PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 3

1    wronged in a similar way." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). "A

2    plaintiff must demonstrate standing for each claim" and "for each form of relief sought."

3    DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). Standing is examined at the

4    time the complaint is filed. White v. Lee, 227 F.3d 1214, 1243 (9th Cir. 2000). Where

5    the district court determines that a plaintiff lacks Article III standing, the court must

6    dismiss the plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule

7    12(b)(1). Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

       Defendants contend that contrary to Plaintiff's allegations, Plaintiff was informed

8    of the terms and conditions of the membership rewards program and she expressly

9    agreed to enroll in it. Dkt. # 33 at 10-12. To support its argument, Sempris submitted a

10    recording and transcript of the telephone call that is the heart of this matter. Dkt. # 31;

11    Dkt. # 33-1 at 7-17. Contrary to the allegations in Plaintiff's complaint, the evidence

12    indicates that the program representative told Plaintiff about the price and the

13    cancellation policy of the program. Furthermore, when the representative suggested that

14    he "mark it down as a no," Plaintiff repeatedly told the representative that she in fact

15    wanted to enroll in the program. Dkt. # 33-1 at 14-16.

16       Plaintiff does not dispute the facts as presented by Sempris. See Dkt. # 39 at 1-2.

17    If a party fails to oppose a motion, the court may treat that failure as an admission that

18    the motion has merit. LCR 7(b)(2). With respect to Plaintiff's claim for money

19    damages, Sempris has presented evidence that Plaintiff received a full refund before she

20    even filed suit, dkt. # 33-1 at 19, and Plaintiff has not submitted evidence to the

21    contrary. Thus, the Court concludes that Plaintiff fails to "satisfy [her] burden of

22    establishing the existence of an actual injury at the time this action was brought."

23    Stanford v. Home Depot USA, Inc., 358 Fed.App'x 816, 818-19 (9th Cir. 2009)

24    (affirming trial court's dismissal of suit for lack of subject matter jurisdiction where

     plaintiff received full refund of alleged excess charge before filing suit).

25

26    ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

As for Plaintiff's claims for injunctive and declaratory relief, Plaintiff again has not established that she has suffered a concrete injury or that there is a strong likelihood that she is likely to be wronged in the same manner again. See Lyons, 461 U.S. at 111. In fact, the only evidence before the Court regarding Plaintiff's likelihood of future harm suggests that Plaintiff would not be susceptible to the harm alleged in the complaint because she said she would never order anything in the same manner again. See Dkt. # 33-1 at 13. While it is possible that Plaintiff was just frustrated at the time and did not actually mean that statement, she has not alleged an intention to continue placing telephone orders for products she sees on television or any facts supporting a likelihood of harm in the absence of injunctive relief. Furthermore, as noted by Sempris, Plaintiff has now received full notice regarding the terms and conditions of the reward membership program. Dkt. # 33 at 15 (citing Castagnola v. Hewlett-Packard, No. C11-05772, 2012 WL 2159385, at *1 (N.D. Cal. June 13, 2012)). Because Plaintiff does not have an ongoing relationship with Sempris and there is no realistic threat of future harm in the absence of injunctive relief, Plaintiff lacks standing to pursue prospective relief.

16

17

18

19

Finally, because Plaintiff has no cognizable claim for relief, she cannot represent a class of others who may have a claim against Sempris based on its telemarketing techniques. Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003). The Court therefore GRANTS Sempris's motion to dismiss Plaintiff's claims.

20

**B. Motion for Leave to Amend**

21

22

Having determined that Plaintiff Noonan lacks standing to pursue her claims, the Court next considers Plaintiff's motion for leave to amend the complaint to substitute a new named plaintiff.

23

24

Rule 15(a) provides the time within which a party may amend its pleading as a matter of course. Where a party seeks to amend its pleading after that time has passed,

25

26

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DENYING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 5

1   that party "may amend its pleading only with the opposing party's written consent or the

2   court's leave."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared

3   reason - such as undue delay, bad faith or dilatory motive on the part of the movant,

4   repeated failure to cure deficiencies by amendments previously allowed, undue

5   prejudice to the opposing party by virtue of allowance of the amendment, futility of

6   amendment, etc. - the leave sought should as the rules require, be 'freely given.' "

7   Foman v. Davis, 371 U.S. 178, 182 (1962).

8           Plaintiff contends that she should be given the opportunity to substitute Mr.

9   Driggers for herself because there is no evidence of undue delay, bad faith, futility, or

10  prejudice to Sempris.  Dkt. # 41 at 5-6.  While Plaintiff may be correct, Plaintiff neglects

    the determinative nature of circumstances presented by this case.

11          Plaintiff appears to confuse the doctrine of mootness with that of standing.

12  See Dkt. # 44 at 3-4.  Although both doctrines require some interest in the case, there are

13  important differences between standing and mootness.  "Standing doctrine functions to

14  ensure, among other things, that the scarce resources of the federal courts are devoted to

15  those disputes in which the parties have a concrete stake."  Friends of the Earth, Inc. v.

16  Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 191 (2000).  Mootness, on the other

17  hand, occurs later in the litigation, after the parties and the court have already invested

18  resources into the case.  Noting this difference, the Supreme Court has recognized

19  certain exceptions to mootness that do not apply to standing.  Id. at 189-192.

20          Despite Plaintiff's attempt to frame the situation as one "arising out of unforeseen

21  loss of communication,"[2] the issue is one of standing, not mootness, as Plaintiff had no

22

23          [2] Plaintiff's reliance on Cedano v. Thrifty Payless, Inc., No. CV-10-237, 2011 WL
    5117930 (D. Or. Oct. 25, 2011) is misplaced.  The plaintiff in Cedano, like Plaintiff in this
    matter, ceased communicating with counsel and counsel therefore sought to substitute another
24  person as a named plaintiff in the putative class action.  2011 WL 5117930, at * 3.  Cedano
    however is inapposite.  Unlike the case at hand, there was no question of standing before the

25
    ORDER GRANTING DEFENDANT'S
26  MOTION TO DISMISS AND DENYING
    PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 6

1   live claim at the time the case was brought.[3]  Plaintiff's contention that standing is an

2   issue of fact is not supported.  As explained more fully above, Plaintiff has failed to

3   present any evidence rebutting that provided by Sempris in support of its motion to

4   dismiss.  See Dkt. # 39 at 1-2; Dkt. # 41; Dkt. # 44.  Counsel's inability to review

5   Sempris's evidence and arguments with Plaintiff is insufficient to create an issue of fact

6   regarding standing.

7         Because Plaintiff never had standing to pursue her claims or represent a class of

8   similarly situated people, "this is not a situation in which the case can continue with a

    putative class member substituted as the named plaintiff."  Stanford, 358 Fed.App'x at

9   819 (citing Lierboe, 350 F.3d at 1022-23); accord Lidie v. California, 478 F.2d 552, 555

10  (9th Cir. 1973) ("[w]here the original plaintiffs were never qualified to represent the

11  class, a motion to intervene represents a back-door attempt to begin the action anew, and

12  need not be granted.").  Plaintiff's motion to amend the complaint to substitute Mr.

13  Driggers as the named plaintiff is therefore DENIED.

14                          **III.  CONCLUSION**

15        For all of the foregoing reasons, Sempris's motion to dismiss (Dkt. # 33) is

16  GRANTED and Plaintiff's motion for leave to amend (Dkt. # 41) is DENIED.

17  Plaintiff's complaint is dismissed with prejudice for lack fo subject matter jurisdiction.

18

19

20  _____

    court in Cedano.
21
        [3] Plaintiff's reliance on an order in Dioquino v. Sempris, LLC, No. CV11-05556,
22  attached as Exhibit A to Plaintiff's reply memorandum, is distinguishable on its procedural
    posture and facts.  Unlike the case before the Court, defendant did not dispute the truth of
23  Plaintiff's allegations in a facial challenge to jurisdiction and plaintiff received a refund after
    commencing the litigation.  The particular facts of this case and the evidence disputing
24  Plaintiff's allegations support the Court's decision that Plaintiff lacks standing to pursue claims
    for damages and injunctive relief.
25
    ORDER GRANTING DEFENDANT'S
26  MOTION TO DISMISS AND DENYING
    PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 7

1      DATED this 9th day of October, 2013.

2

3

4                                          _____
                                           Robert S. Lasnik
5                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

   ORDER GRANTING DEFENDANT'S
26 MOTION TO DISMISS AND DENYING
   PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 8